**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Silvestre OCAMPO–SOTELO,
Defendant–Appellant.**

No. 05–41549.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Silvestre Ocampo–Sotelo (Ocampo) appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). Ocampo challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Government argues that the waiver provision in Ocampo's plea agreement precludes his attack on the constitutionality of § 1326(b) and that, as a result of the waiver, Ocampo lacks standing to challenge the constitutionality of § 1326(b). We assume, *arguendo* only, that the waiver does not bar the instant appeal.

Ocampo's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Ocampo contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Ocampo properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.